UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Le'Netta Stone,

    Plaintiff,

v.                                                    Case No. 21-11311

Concord Consumer Co-Op, *et al.*,        Honorable Sean F. Cox

    Defendants.
_____/

## ORDER
## GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND SUMMARILY DISMISSING ACTION

Acting *pro se*, Plaintiff Le'Netta Stone filed this action against Defendants: 1) Concord Consumer Co-Op; 2) Marcus Mgmt.; and 3) U.S.P.S. D.C. (Trenton). Along with her Complaint in this action, Plaintiff filed an application to proceed *in forma pauperis*.

Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915. Having reviewed Plaintiff's application to proceed *in forma pauperis*, this Court GRANTS that application.

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted."). In addition, even where a plaintiff has paid the filing fee, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible,

1

attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d. 477, 479 (6th Cir. 1999).

Although this Court is mindful that *pro se* complaints must be liberally construed, the Court concludes that even when so construed, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Plaintiff used a form complaint to file her complaint. She asserts that the basis for federal-court jurisdiction over this action is federal-question jurisdiction and states the following as the specific federal statutes at issue in her case: "Retaliation to filing ADA-Civil Rights Complaint for Accommodation and benefits [HUD-Rent-Section8-disabled]." (ECF No. 1 at Page ID.3-4). Plaintiff's statement of her claim states, in its entirety:

> Constant Mailed court demands
> Rent, late fees, court cost
> Another claim (dismissed)
> of $4,125.00

(*Id.* at PageID.5). Plaintiff states that she seeks the following relief:

> Land lord Time May be to [sic] short to stop [cease/desist] order on Eviction of June 20th, 2011. Defendant has taken App'x 11,000 (2100 (Nov + 999 May)
> U.S. P.S
> Acknowledged disability, can not do tax for first time in 40 years Notice other tenants Receive door service As recent As May 30, 2021 Weekend.

(*Id*. at PageID.6).

Even with a liberal reading of the allegations in Plaintiff's complaint, this Court is unable to discern any cognizable claim against Defendants.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED.**

S/Sean F. Cox
									Sean F. Cox
									United States District Judge

Dated: June 25, 2021